UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| QAIS AHMED,<br><br>    Plaintiff,<br><br>    v.<br><br>UNITED STATES OF AMERICA, et al.,<br><br>    Defendants. | Case No. 14-cv-00823-JD<br><br>**ORDER GRANTING UNITED STATES' MOTION TO DISMISS**<br><br>Re: Dkt. No. 25 |

## INTRODUCTION

Defendant United States filed a Motion to Dismiss Plaintiff Qais Ahmed's ("Plaintiff") Complaint. *See* Dkt. No. 25. Mr. Ahmed filed a response indicating that he does not oppose the motion. *See* Dkt. No. 30. The Court vacated the hearing on this motion set for June 25, 2014, under Civil Local Rule 7-1(b). *See* Dkt. No. 42. The Court grants the unopposed motion.

## BACKGROUND

On February 24, 2014, Mr. Ahmed filed this action against his employer, Sealift, Inc., an individual supervisor at Sealift, and the United States. Dkt. No. 1. Mr. Ahmed contends that while he was employed as General Steward aboard the *TGST John A. Chapman*, he was subject to discrimination and harassment based on his national origin, religion, and ethnicity, was wrongfully terminated from his employment on those grounds, and suffered emotional distress. *See id.* Against the United States, Mr. Ahmed's complaint alleges negligence under the Jones Act, 46 U.S.C. § 30101 *et seq.*, and unseaworthiness under general maritime law. *Id.* at 7-9.

On May 9, 2014, the United States moved to dismiss, asserting that the Court lacks subject matter jurisdiction over Mr. Ahmed's claims against it, because the United States has not waived sovereign immunity or consented to be sued. Dkt. No. 25 at 4. On May 21, 2014, Mr. Ahmed filed a Non-Opposition to Motion to United States Dismiss or Transfer Venue [*sic*]. Dkt. No. 30.

1   On May 29, 2014, the United States filed a reply, again asserting that dismissal is proper with
2   prejudice. Dkt. No. 37.

## DISCUSSION

The United States moves to dismiss the complaint under Federal Rule of Civil Procedure 12(b)(1) for lack of subject matter jurisdiction. In resolving an attack on jurisdiction, the Court may go outside the pleadings and consider evidence beyond the complaint relating to jurisdiction without converting the motion to dismiss into a motion for summary judgment. *See Safe Air For Everyone v. Doyle*, 373 F.3d 1035, 1039 (9th Cir. 2004).

The United States, as a sovereign, is generally immune from suit unless it consents to be sued. *United States v. Mitchell*, 445 U.S. 535, 538, 100 S.Ct. 1349, 63 L.Ed.2d 607 (1980). A district court only has subject matter jurisdiction over a suit against the United States when sovereign immunity has been waived. *See Argentine Republic v. Amerada Hess Shipping Corp.*, 488 U.S. 428, 434-35, 109 S.Ct. 683, 102 L.Ed.2d 818 (1989).

The Suits in Admiralty Act ("SAA"), 46 U.S.C. §§ 30901 *et seq.*, provides a waiver of sovereign immunity for actions brought against the United States under admiralty law. The SAA provides that "[i]n a case in which, if a vessel were privately owned or operated, or if cargo were privately owned or possessed, or if a private person or property were involved, a civil action in admiralty could be maintained, a civil action in personam may be brought against the United States or a federally-owned corporation." 46 U.S.C. § 30903(a). In order for the United States to waive its sovereign immunity, the claims asserted against it must be valid to the extent that a "civil action in admiralty could be maintained." *See Am. Cargo Transp., Inc. v. United States*, 625 F.3d 1176, 1181 (9th Cir. 2010) ("As the text of the SAA makes clear, the waiver of sovereign immunity applies only where a private party would be liable under admiralty law for the same conduct.") (citation omitted).

Mr. Ahmed alleges two claims against the United States under admiralty law: (1) a violation of the Jones Act for negligence, and (2) unseaworthiness. The Court finds that neither of these claims, as stated, supports a civil action in admiralty, and accordingly, the United States has not waived its sovereign immunity.

The United States contends that Mr. Ahmed's negligence claim fails because Jones Act claims may only be asserted against a plaintiff's actual employer. *See* 46 U.S.C. § 30104 ("A seaman injured in the course of employment . . . may elect to bring a civil action at law . . . against the employer. . . ."); Dkt. No. 26 at 14. This Court agrees. *See Havens v. F/T Polar Mist*, 996 F.2d 215, 218 (9th Cir. 1993) (requiring plaintiff to establish negligence on the part of his employer to recover on his Jones Act claim); *Mahramas v. American Export Isbrandtsen Lines, Inc.*, 475 F.2d 165, 170 (2d Cir. 1973) ("There has never been any question that the Jones Act applies only between employees and their employers."). Because Mr. Ahmed has not alleged the United States employed him, his Jones Act claim fails.

Mr. Ahmed's unseaworthiness claim fails based on judicially noticeable documents. The United States asserts that as a time charterer of *Chapman*, it owed no duty to Mr. Ahmed.[1] Generally, the duty of seaworthiness is exclusive to the owner of a vessel, or in the case of a demise charter, the owner *pro hac vice* under a demise charter -- not a time charterer of a vessel.[2] *See Seas Shipping Co. v. Sieracki*, 328 U.S. 85, 100, 66 S. Ct. 872, 880, 90 L. Ed. 1099 (1946) ("[Seaworthiness] is peculiarly and exclusively the obligation of the owner. It is one he cannot delegate.") (superseded by statute on other grounds in *Yamaha Motor Corp., U.S.A. v. Calhoun*, 516 U.S. 199, 208 n.6, 116 S.Ct. 619, 620 (1996)); *see also Wolsiffer v. Atlantis Submarines, Inc.*, 848 F. Supp. 1489, 1494 (D. Haw. 1994) ("The remedy of unseaworthiness for an injured seaman applies . . . against either the title owner of the vessel, or the owner *pro hac vice* under a demise charter.") (internal citations omitted). A time charterer, on the other hand, "merely takes over the vessel's carrying capacity and reserves authority only as to certain business matters." *Wolsiffer*, 848 F. Supp. at 1494.

---

[1] The Vice President of Sealift similarly asserts that the United States does not own or operate the Chapman, and that "Sealift operated and still operates the CHAPMAN pursuant to a time charter with the United States." Dkt. No. 22 at 1.

[2] "A demise charter exists when "the charterer takes possession, custody, and control of the vessel." *Wolsiffer*, 848 F. Supp. at 1494. A demise charterer, unlike a time charterer, is responsible for the negligence of the crew and the unseaworthiness of the vessel. *See Alexander v. United States*, 63 F.3d 820, 822 (9th Cir. 1995).

3

Here, judicially noticeable documents show that United States did not have sufficient control over the *Chapman* to be considered a demise charterer. *See* Dkt. No. 26 at 4-8; *id.*, Ex. A. First, the operative charter agreement expressly provides that it is not demise charter. Dkt. No. 26, Ex. A at 65 ("Nothing herein contained shall be construed as creating a demise of the Vessel to the Charterer . . . ."). Second, Sealift was responsible for the hiring and training of the master, officers, and crew of the vessel and such crew were expressly deemed to not be agents of the United States. *See* Dkt. No. 26 at 3. Finally, the charter agreement also required Sealift to maintain "complete and exclusive possession and control of [*Chapman*] and her navigation." Dkt. No. 26, Ex. A at 65. Because the United States was a time charterer of the *Chapman*, it is not liable to Mr. Ahmed for unseaworthiness. *See Alexander*, 63 F.3d at 822.

Neither of Mr. Ahmed's claims supports a civil action in admiralty, and accordingly, the United States has not waived its sovereign immunity.

## CONCLUSION

Because the United States has not waived sovereign immunity over Mr. Ahmed's claims, the United States' Motion to Dismiss is granted. This dismissal is with prejudice, because the pleading could not be cured by the allegation of other facts.

**IT IS SO ORDERED.**

Dated: July 15, 2014

_____
JAMES DONATO
United States District Judge